UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

EDUARDO AYALA-MORALES,           )
                                 )
            Petitioner,          )
                                 )
    v.                           )     No. 2:26-cv-00375-JRS-MJD
                                 )
SAMUEL OLSON Chicago Field Office Director,  )
U.S. Immigration and Customs Enforcement,    )
*et al.*,                        )
                                 )
            Respondents.         )

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Noncitizen Eduardo Ayala-Morales is detained at the Clay County Jail on behalf of federal immigration authorities. He petitions for a writ of habeas corpus, arguing that he is entitled to be released because he is a member of two classes of plaintiffs that have been granted injunctive relief. Both claims fail as a matter of law.

**I. Facts**

Border Patrol Agents encountered Mr. Ayala-Morales near the U.S.-Mexico border twice in a three-day period in 2015. Dkt. 8-1 at 8, 10. Both times, immigration officials deemed Mr. Ayala-Morales inadmissible and ordered him removed from the United States. Dkt. 8-2. He entered the United States again in December 2015 without inspection and has remained in the United States since then. Dkt. 1 ¶ 2.

Mr. Ayala-Morales's wife applied for a U Visa[1] in 2025. Dkt. 1-2 at 1–2. Her application is pending.

---

[1] *See* 8 U.S.C. § 1101(a)(15)(U).

On May 11, 2026, immigration officials obtained an administrative warrant calling for Mr. Ayala-Morales's arrest. Dkt. 8-1 at 12. On May 18, U.S. Immigration and Customs Enforcement (ICE) officers surveilled Mr. Ayala-Morales, followed him to his workplace, and arrested him. Dkt. 8-1 at 4. They then notified him that his 2015 removal order was reinstated. *Id.* at 1. Mr. Ayala-Morales remains in ICE custody at the Clay County Jail.

On May 22, Mr. Ayala-Morales submitted a derivative U Visa application based on his wife's application. Dkt. 1-3.

## II. Analysis

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Mr. Ayala-Morales initially argued that he was entitled to relief because he was unlawfully held without consideration of bond in violation of 8 U.S.C. § 1226(a). However, in his reply, Mr. Ayala-Morales narrowed his petition. Regardless of what statutory authority might otherwise authorize his detention, he argues that he is entitled to immediate release as a member of the plaintiff classes in *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828 (7th Cir. 2026), and *Immigration Center for Women & Children v. Noem* (*ICWC*), No. 2:25-CV-09848-AB-AS, 2026 WL 1455004 (C.D. Cal. May 20, 2026). Dkt. 10 at 1–2. However, a thorough review of those decisions reveals that Mr. Ayala-Morales is not eligible for relief as a member of either class.

### A.    *Castañon-Nava*

In 2022, Judge Pallmeyer of the Northern District of Illinois "certified a settlement class consisting of all current and future persons arrested without a warrant for a civil violation of U.S. immigration laws within the ICE Chicago Field Office's Area of Responsibility." *Castañon-Nava v. Dep't of Homeland Sec.*, 806 F. Supp. 3d 823, 837 (N.D. Ill. 2025).  According to the settlement,

2

"Class members who are arrested contrary to the terms of the Agreement and are in ICE custody shall be released from custody on their own recognizance without posting bond as soon as practicable subject to certain exceptions." *Id.* at 839.

Mr. Ayala-Morales argues that he is a member of the *Castañon-Nava* plaintiff class, that his arrest violated the settlement, and that he is therefore entitled to immediate release. Critically, he argues that *Castañon-Nava*'s settlement covers individuals arrested pursuant to an administrative warrant but without a judicial warrant approved by a neutral magistrate as consistent with the Fourth Amendment. Dkt. 10 at 4–5.

He is incorrect. The settlement "covers only those individuals who were arrested without a warrant of any kind (I-200 or otherwise)." *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828, 842 (7th Cir. 2026). Mr. Ayala-Morales was arrested a week after immigration officials issued an I-200 administrative warrant authorizing his arrest. Dkt. 8-1 at 12. He is not a member of the *Castañon-Nava* settlement class.

**B.    *ICWC***

*ICWC* grants preliminary injunctive relief to certain ICE detainees with pending applications for immigration benefits, including U Visa applications. On May 20, Judge Briotte of the Central District of California granted provisional certification of three plaintiff classes, including "[a]ll individuals with pending principal or derivative U visa petitions . . . who ICE detains or seeks to detain for civil immigration enforcement." *ICWC*, 2026 WL 1455004, at *18. Mr. Ayala-Morales contends that he is a member of this class, and the Court assumes only for the sake of argument that he is correct.

Relevant to this case, *ICWC* concerns ICE's implementation of a new policy in 2025 that repealed previous agency policies regarding apprehension and detention of noncitizens with

3

pending U Visa petitions. *Id.* at *1. Broadly, before 2025, it was ICE's "policy to 'refrain from taking civil enforcement action against' individuals 'known to have a pending'" U Visa application. *Id.* at *6. In 2025, ICE replaced that policy "with a presumption of enforcement." *Id.*

Judge Briotte granted a preliminary injunction but did not expressly prohibit or require specific actions from ICE officials. Rather, the preliminary injunction stays the new, 2025 enforcement policy, "including its rescission of prior policies." *Id.* at *47. The injunction requires ICE to treat U Visa applicants consistent with its pre-2025 policies.

Assuming that Mr. Ayala-Morales's submission of a U Visa application following his arrest and detention makes him a member of the *ICWC* pending petition class, the question remains: How would he have been treated under the pre-2025 policy?

> *ICWC* includes the following descriptions of the pre-2025 policy:
>
> "[A]bsent special circumstances or aggravating factors, it is against ICE policy to initiate removal proceedings against" known victims of crime. *Id.* Furthermore, in the absence of "serious adverse factors" such as "national security concerns or evidence the alien has a serious criminal history," "exercising favorable discretion, such as release from detention and deferral or a stay of removal generally, will be appropriate." *Id.*, p. 2.
>
> [. . .]
>
> The 2021 Directive continued ICE's policy to "refrain from taking civil enforcement action against" individuals "known to have a pending application" for "victim-based immigration benefits," and directed ICE to "seek [from USCIS] expedited adjudication of victim-based immigration applications and petitions." 2021 Directive ¶ 2. For persons with pending applications or petitions, "absent exceptional circumstances," ICE was to "defer" enforcement until USCIS adjudicates the petition or issues a negative interim adjudication. *Id.* ¶ 2.1. And *agents were to request expedited prima facie adjudications from USCIS for people in ICE custody*, and eligibility "for victim-based immigration benefits . . . must be considered" a positive "discretionary factor." *Id.* ¶ 2.

*Id.* at *6 (emphasis added). Before 2025, if ICE knew a person had a pending U Visa application, its policy was to defer enforcement. If it knew a person in ICE custody had a pending application,

its policy was to seek expedited adjudication of the application. The applicant may have been eligible for discretionary release, but release was not automatic.

Mr. Ayala-Morales may be a member of the *ICWC* pending petition class. If he is, and if *ICWC* is binding on this Court, the injunction does not entitle him to automatic release from custody. It entitles him to be treated as he would have been treated in 2024. Mr. Ayala-Morales did not have a pending U Visa application when ICE arrested him, so his arrest cannot have violated ICE's pre-2025 policy of deferring enforcement activity against *known* U Visa applicants. And, as portrayed in *ICWC*, the pre-2025 policy did not entitle him to release based on a post-arrest U Visa application. It entitled him to expedited adjudication of his application. At best, release was available as a matter of agency discretion. *ICWC* does not compel his release.

### III. Conclusion

The petition for a writ of habeas corpus is **denied**. This case is **dismissed with prejudice**. The **clerk is directed** to enter **final judgment**.

**IT IS SO ORDERED.**

Date: _____6/22/2026_____          _____
                                  JAMES R. SWEENEY II, CHIEF JUDGE
                                  United States District Court
                                  Southern District of Indiana

Distribution:

William McLean, III
The Law Office of William G. McLean III, P.C.
mcleanlaw.chicago@gmail.com

Liberty L. Roberts
Church Church Hittle & Antrim
lroberts@cchalaw.com

Paul Umbaugh, IV
DOJ-USAO
paul.umbaugh@usdoj.gov